FOXSMITH, INC. *v.* COCA-COLA BOTTLING COMPANY of Northeast Arkansas

95-815                                                         912 S.W.2d 923

Supreme Court of Arkansas
Opinion delivered January 8, 1996

*James F. Lane,* for appellant.

*Richard Downing, P.A.* and *Williams & Anderson,* by: *John E. Tull, III* and *Leon Holmes,* for appellee.

TOM GLAZE, Justice. Appellant Foxsmith, Inc., an Arkansas corporation operating a restaurant known as East End Cafe, sued appellee Coca-Cola Bottling Co. of Northeast Arkansas and other defendants/appellees, doing business as licensed distributors, selling soft drinks to Arkansas retailers.[1] Foxsmith alleged that, as a retailer that purchased soft drinks, it had been unlawfully subjected to the Arkansas Soft Drink Act, Ark. Code Ann. §§ 26-57-901—909 (Supp. 1993). Specifically, Foxsmith references § 26-57-904(b)(2), which in relevant part provides that a retailer shall not be subject to this tax, if the retailer purchases soft drinks from a supplier licensed under § 26-57-909. Under § 26-57-909(a), a licensed supplier includes distributors, wholesalers, or manufacturers of soft drinks located within or without Arkansas, who are licensed by the Director of the Department of Finance and Administration (DFA), and sells soft drinks to retailers in the state. Coca-Cola Bottling is such a licensed distributor.

Foxsmith's primary argument, both below and now on appeal, is that Foxsmith was unlawfully made subject to the tax when Coca-Cola Bottling submitted its invoice for Foxsmith's soft-drink purchases and the invoice included an itemized or sep-

---

[1] For simplicity, Coca-Cola Bottling will be named in this opinion, but it is representative of all other defendants/appellees since they are all similarly situated as to the issue raised and argued in the matter.

arate charge labeled, "Drink Excise Tax . . . $20.00." Coca-Cola Bottling filed a motion for summary judgment below, stating that such a separate itemization of the tax did not make Foxsmith "subject to" the soft-drink tax, and therefore Foxsmith's complaint should be dismissed with prejudice. The trial court granted the summary judgment motion, and because we find no merit to Foxsmith's argument, we affirm.

■ Section 26-57-906(a)(1) of the Soft Drink Act provides effectively that the tax shall be paid by the licensed distributor when the soft drink is sold, and under § 26-57-906(b), the distributor shall file a monthly return and remit the tax for the month to the DFA director on or before the fifteenth day of the month following the sale. In addition, the Act nowhere prohibits the soft-drink tax from being passed on to retailers like Foxsmith. In fact, DFA's regulations authorize licensed distributors to pass the tax on to the retailer. In its argument, Foxsmith even concedes the Act allows the tax to be passed on to the retailer. *See* Soft Drink Tax Regulation — 1993-8 C. 2. Accordingly, by memorandum DFA informed all Arkansas licensed soft-drink distributors that, as the parties or sellers responsible for collecting the tax, they had the option of (1) including the tax in the cost of the product *or (2) separately stating the tax on the invoice or document of sale.* (Emphasis added.) Foxsmith seems only to take issue with this separate listing of the tax on the sale invoice, but Foxsmith is unclear as to how such an itemization makes it unlawfully "subject to" the tax under the Act. On the other hand, the DFA has made it fundamentally clear that it interprets the Act to permit distributors to pass on the tax by showing it separately on sale invoices, and that Agency's construction of the Act shall not be overturned unless it is clearly wrong. *Douglass* v. *Dynamic Enter., Inc.,* 315 Ark. 575, 869 S.W.2d 14 (1994).

■ We agree with Coca-Cola Bottling's construction of the Act that being "subject to" the tax means the one who must file a monthly return and remit the tax to the state. In addition, Foxsmith simply fails to demonstrate that any material issue of fact exists, nor does it offer any sound or convincing legal argument that DFA's regulation and interpretation of the Soft Drink Act is wrong. Because the Act and DFA's regulations authorize licensed distributors, like Coca-Cola Bottling, to pass the soft-

drink tax on to retailers and to list the cost of the tax as a separate item on sales invoices, we reject Foxsmith's argument and affirm the trial court's dismissal of Foxsmith's complaint.